LAKE SHORE & MICHIGAN SOUTHERN RY CO. v. PERO, ADMX.

SWITCH TENDER NOT FELLOW SERVANT OF ENGINEER AND FIREMAN.

A switch tender, employed in a railroad yard, whose duty is to open and close such switches as notified by the different conductors and engineers, is not a fellow servant of the conductor and engineer of a yard engine within the meaning of Secs. 3365–22, Rev. Stat., notwithstanding the conductor, engineer, and switch tender are controlled by the yardmaster. The railroad company is, therefore, liable for the negligence of such conductor or engineer by reason of which the switch tender is injured.

HEARD ON ERROR.

*E. D. Potter*, for plaintiff in error.

*Hurd, Brumback & Thatcher*, for defendant in error.

HAYNES, J.

This case is submitted to us upon petition in error and practically upon a single question. George H. Pero was a switchman in the employ of the Lake Shore Railway Company, and worked in Toledo in what they call the "Western Yard." His duty was to attend to quite a large number of switches in the yard. There was at work upon that yard a yard engine, which was manned by a conductor, one or two helpers, and also by an engineer and fireman. In the early morning of a certain day, while these parties were engaged in their respective duties, it was desired to let out a road engine with a train from one of the side tracks, and a signal was given by the conductor of the yard engine to the switchman to open a certain switch and let the train out. Pero proceeded to do this, and in doing it he had to step into a space between the track on which the engine was to pass out and another track. West of this point where he stood was this yard engine, distant about eighty or ninety feet, that was standing at that point at the time the conductor gave the signal to Pero to open the switch for the road engine. Pero proceeded to perform his duty and he opened the switch and the road engine proceeded on its way out, going westward. It necessarily passed immediately by Pero and was at that time emitting steam from the cylinders at the sides of the engine. At about the same time the yard engine proceeded to back down upon a side track immediately by where Pero was standing, and as the road engine passed out Pero stepped back a step or so, and that brought him upon the track upon which the yard engine was proceeding easterly, so that he was in that position; one engine going west and the other engine coming east. The conductor neglected to give any notice to Pero that the locomotive was coming, nor did the engineer of the yard engine give any signals by whistling. There was on the yard engine a light at each end. As the yard engine came down it ran over Pero and he was killed. The yard engine, its conductor, engineer and men, were practically under the general control of the yardmaster though not hired by him, as was also Pero, the switch tender, and it is contended here on the evidence, that these parties, the conductor, the engineer, the men on the yard engine and Pero, were men in a common employment and that the negligence of either the engineer or of the conductor, was the negligence of a fellow servant for which the railroad company would not be liable, and this is the question submitted to us.

It appears here that the switchman in the performance of his duty was to open such switches as he was notified to open by the different conductors and engineers; largely, of course, by the conductors and engineers upon the yard engines which were at work there, and were passing frequently. Beyond that, it is claimed that he was not under the control or charge of the conductor of the switching engine at all.

The statute that is brought in question, Sec. 3365–22, Rev. Stat., it will be remembered, was an act passed April 2, 1890, 87 O. L., 149. The particular part applicable to this case is found in the third section:

"Section 3. That in all actions against the railroad company for personal injury to or death resulting from personal injury, of any person, while in the employ of such company, arising from the negligence of such company or any of its officers or employes, it shall be held in addition to the liability now existing by law, that every person in the employ of such company, actually having power or authority to direct

or control any other employe of such company, is not the fellow servant, but superior of such other employe."

That is one class; and the next is:

" Also that every person in the employ of such company having charge or control of employes in any separate branch or department, shall be held to be the superior and not fellow servant of employes in any other branch or department who have no power to direct or control in the branch or department in which they are employed."

It is claimed here, on behalf of the railway company that these men were employed in a common department and that therefore they were fellow servants.

We think it is only necessary to refer to the case of railroad company v. Margrat, 51 Ohio St., 130 [37 N. E. Rep., 11], to find a solution of the question arising in this case. That case went up from this court and was the first case that we had under that statute. The accident occurred at Deshler, where the locomotive and cars of a certain train had come into Deshler and had been backed around on a " Y," leading to the Baltimore & Ohio railroad, and it became necessary to uncouple some cars. The " Y" was almost parallel with the Dayton & Michigan railroad track, and very near it. Margrat was a brakeman upon that freight train, and he started to go to the rear of the train for the purpose of uncoupling the cars; but, it being in the winter season and icy between the tracks, he was a little fearful that he might slip if he walked alongside of his train and therefore he undertook to walk upon the side of the track, being the adjoining track of the Dayton & Michigan railroad. And, as he started on this duty, there was a locomotive coming down from a branch of the Dayton & Michigan railraod that led over to Findlay, I think, was coming north and running along rather briskly, and it caught up with Margrat and ran over him and injured him.

It was contended in that case that Margrat and the engineer of the locomotive belonged to the same department of labor, the operating department, I think they called it; but, after a full discussion of the question, and with some doubts about the matter, we held that this classification did not hold with these parties, but that Margrat belonged to a separate class from the engineer.

We further held that the engineer of the locomotive came under the classification of " A person in the employ of the company having charge or control of employes in any separate branch, or department" and we held that the engineer had charge and control of the fireman of the locomotive; that he came within the class mentioned in the last clause and that the company was held liable for his negligence if negligence had been committed in injuring Margrat. That case went to the Supreme Court and the judgment of this court was affirmed. There was quite a full discussion of the question by the judge delivering the opinion. This is the syllabus of the case:

" An engineer in charge of a locomotive on one train of cars of a railroad company, is in a branch or department of its service separate from that of a brakeman on another train of the same company, within the meaning of the terms 'separate branch or department,' as those terms are employed in section 3 of the act of April 1, 1890, 87 Ohio Laws, 150.

"An engineer in charge of a locomotive, who has authority to direct or control a fireman serving on the same locomotive, is a superior within the meaning of the above-named section.

"Whether an engineer, or other employe, of a railroad company, has authority to direct or control other employes of the same company, is a question of fact to be determined in each case. This may be done, however, either by proof of express authority, or by showing the exercise of such authority to be customary, or according to the usual course of conducting the business of the particular company interested, or of railroad companies generally."

I may say that that question was fully discussed by Judge Bradbury and the syllabus is the result of his decision, and without reading the decision itself, which is somewhat lengthy, we must say that we conclude that within the rule laid down in that case, Mr. Pero was acting in a separate branch or department of the service of the company from that in which the conductor and engineer of the yard engine was acting.

If he was in the same branch of the service as the conductor and engineer then he would be subject to the orders of the conductor, and if he was injured in respect to any orders given by the conductor or in respect to any negligence on the part of the conductor, he would fall within the first definition of this portion of the act. If he, however, stands in the position of being in a separate department and the conductor has the charge of men under him (as he, undoubtedly, did have in this case, so far as the men on the engine and the helpers were concerned), then, of course, he being in a separate department, for any negligence of that conductor the company would be liable, and for any negligence of the engineer on the engine the company would be liable.

We think the facts tend to show very strongly that there was negligence, both on the part of the conductor and of the engineer. At any rate, this was a question that was submitted to the jury, and I think the charge in regard to the engineer was more favorable to the defendant company than the law would warrant, but if the injuries occurred from the negligence of either of those parties then we think the judgment of the court was correct in respect to that question, and that in this classification he was not in the same department as the conductor or his engineer.

That is the only question that was submitted to us, and on that question we hold against the contention of the railway company. The other questions were submitted to the jury and have not been discussed to us. It follows that the judgment of the court of common pleas will be affirmed, but without any penalty.